■ DANIEL A. REAGAN et al., Appellants, v. THEODORE S. BANTA et al., Respondents.— Appeal from a judgment entered by the Supreme Court, Greene

County. The respondents conveyed to the appellants in July of 1951, a parcel of land described in the deed as follows: "Beginning at a point in the center of the Acra Road leading from Route 145 to Acra, said point being in the southerly boundary line of lands of the grantors on the westerly side of said road, in line with the stone wall along said boundary line; running thence along the center line of said road in a northerly direction a distance of sixty feet to a point in line with a wire fence; thence in a westerly direction along the line of the wire fence three hundred forty feet; thence in a southerly direction in a line parallel with the center line of said road sixty feet to the aforesaid stone wall; thence in an easterly direction along the stone wall three hundred forty feet to the point and place of beginning." In 1957 a dispute arose between the parties as to the location of the northern boundary of the property. They then entered into an agreement under which the respondents were to convey to the appellants another parcel of land 60 feet by 340 feet, adjoining on the north the property previously conveyed. The appellants instituted this action to determine the northern boundary of the first parcel and for specific performance of the agreement to convey the second parcel. The case was tried before the Hon. Christopher Heffernan, Official Referee. The appellants testified that it was their understanding that a certain woven wire fence constituted the northern boundary of the property and that it was pointed out to them as such by one of the respondents. It appears that this woven wire fence begins at a point less than 60 feet from the stone wall and further it does not run parallel to the stone wall which constitutes the southern boundary of the property. It was demonstrated that the appellants' cesspool would be on the respondents' property if such a boundary is not adopted. The respondent, Mr. Banta, testified there was at the time of conveyance in 1951 another fence, which was not there at the time of trial, and was the fence mentioned in the deed. There was in existence at the time of trial a fence post located beside the road at a point 60 feet from the stone wall. The Referee found that it was the intention of the parties that the respondents should and did convey a parcel which should be described in relation to the disputed boundary as follows: "running thence along the center line of said road in a northerly direction a distance of sixty feet to a point marked fence post indicated on a map marked plaintiffs' Exh. 9 in evidence; thence westerly in a straight line three hundred forty feet". The Referee also directed the respondents to convey an adjoining parcel 60 feet by 340 feet to the appellants but this is not involved on this appeal. The appellants maintain that applying the rule that natural objects and permanent monuments take precedence over courses and distances in the description of property in deeds, the northerly boundary should have been found to be along the woven wire fence which is referred to in the deed. The deed, however, did not refer to a woven wire fence as the boundary but said 60 feet "to a point in line with a wire fence" and "along the line of the wire fence". There was testimony in the record that there was a wire fence attached to a fence post which was 60 feet from the stone wall at the time the transaction took place and further that the woven wire fence referred to by the appellants was less than 60 feet from the stone wall. Thus it could have been found that this was the fence referred to. There is no dispute that the stone wall constitutes the southern boundary of the property and the Acra Road along which the eastern boundary runs is clearly ascertainable. Thus the southern and eastern boundaries as well as the starting point of the description are clear. When you add to this the description of the western boundary as running 60 feet parallel to the said road there can be no doubt or ambiguity that the northern boundary, the distance of which is given as 340 feet, must

be a line parallel to the stone wall or southern boundary, and such was found by the court below. As pointed out by the respondents, to adopt the northern boundary urged by the appellants would change the distances of the other three boundaries from those set out in the deed. To do this would be to place a strained and unnatural construction on the description for which a clear and natural construction is available. Judgment unanimously affirmed, with costs to respondents. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.